UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| ROOR INTERNATIONAL BV and SREAM, INC., | ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) | |
| v. | ) ) | NO. 2:19CV92-PPS/JPK |
| SMOKE SMOKE CITY, INC. and OMAR ALBUREI, | ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before me is the motion of plaintiffs RooR International BV and Sream, Inc. for default judgment against defendant Smoke Smoke City, Inc. The claims against defendant Omar Alburei have been dismissed without prejudice for lack of timely service. [DE 8.] Default was entered against defendant Smoke Smoke City, Inc. on November 13, 2019. [DE 22.]

My order of November 19 required that a motion for default judgment "provide a legal analysis addressing why and how the well-pled facts deemed admitted by the default are sufficient to support relief on one or more of the legal theories pled in the complaint, specifically identifying the count or counts on which default judgment is sought." [DE 23 at 2.] Plaintiffs filed a motion for default judgment on the same date that order issued, and have subsequently filed a second motion for default judgment, presumably prepared with a view to the order's requirements. One area in which the motion has been enhanced is the analysis now offered in sufficient detail to support the

request for judgment in plaintiffs' favor "on all claims," as sought in the proposed order and judgment. [DE 25-4 at 2.] The analysis now offered is adequate to support default judgment on Count One of the complaint, for trademark infringement in violation of 15 U.S.C. §1114 and the use of "counterfeit" marks as defined in §1116(d)(1)(B), on Count Two, also for trademark counterfeiting under §1116(d), and on Count Three for false designation of origin under §1125(a). The motion sets forth the standards of each claim and addresses how the facts established by the default support liability. [DE 25 at 5-8.]

The November 19 order also required a motion for default judgment to "separately address the relief requested, and demonstrate [plaintiffs'] entitlement to the particular amount of damages and any other relief proposed." [DE 23 at 2.] The pending motion's treatment of plaintiffs' request for statutory damages and the costs of suit is sufficient, but the motion fails to address the authority for and appropriateness of the proposed injunctive relief. Nonetheless, the proposed injunction against future infringement of the subject RooR marks is relatively straightforward and will be granted. The proposal for an order for delivery of products and other materials to be destroyed, pursuant to 15 U.S.C. §1118, is a horse of a different color. That more unusual relief would require justification that is absent from the motion before me. One glaring issue that warranted discussion is the scope of the proposed judgment requiring delivery of "all products [and] accessories," two categories of items omitted from the statutory list of materials subject to destruction. In any event, the continued offer for sale or promotion of infringing product would violate the injunctive relief that is being

2

granted. The default judgment granted will not contain a provision for destruction of infringing articles pursuant to §1118.

ACCORDINGLY:

The amended motion for default judgment against Smoke Smoke City, Inc. [DE 25] is GRANTED to the extent indicated in the default judgment entered separately this day. In all other respects, the motion is DENIED.

The original motion for default judgment [DE 24] is denied as moot.

SO ORDERED.

ENTERED: January 7, 2020.

/s/ Philip P. Simon
UNITED STATES DISTRICT JUDGE